Pearlie SIMS, widow and next of kin of Alfred Sims, Deceased,

v.

John W. GARDNER, Secretary of Health, Education & Welfare.

No. 4497.

United States District Court
E. D. Tennessee, S. D.

June 13, 1966.

H. H. Gearinger, Chattanooga, Tenn., for plaintiff.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for defendant.

## MEMORANDUM

FRANK W. WILSON, District Judge.

This case is before the Court upon motion of counsel for plaintiff to make his award of attorney's fees of twenty-five per cent (25%) applicable not only to the amount of past due benefits payable to the claimant, Alfred Sims, deceased, but also to all past due benefits payable to Sims' widow and children. The defendant maintains that such award should be limited to the amount payable upon Sims' claim alone, which was the only claim in litigation.

The Court is of the opinion that the motion should be denied. The Court is not unsympathetic with the plight of counsel for plaintiff and others in like situations, but the Court is of the opinion that to adopt the construction urged by counsel would be to write into the Act that which is not there. Section 406, Title 42, United States Code, which governs representation of claimants under the Social Security Act, was amended by the 89th Congress (Public Law 89–97, Section 332), so as to provide:

"(b) (1) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 per cent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment* * * * In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph." (Emphasis supplied.)

The legislative history of this section, U. S. Code Congressional and Administrative News, 89th Congress, p. 2062, reveals that the purpose of the legislation was to restrict attorneys' fees in these type cases and to protect claimants from "inordinately large fees." Had the Congress

intended for the fee to be applicable to benefits paid to persons other than the claimant, it could have easily so provided. In fact, however, it made the award of such fees applicable merely to "benefits to which claimant is entitled * * *" and such fees are limited to those authorized in paragraph (b) (1). While it is true that claimant's entitlement is a sine qua non to the payment of benefits to claimant's beneficiaries, such payment does not necessarily occur as a result of claimant's entitlement. Dependents must establish the relationship required by statute and such relationship is at times denied by the government. There is always the possibility that dependents might have the need of representation in establishing their own right to the payment of benefits based upon another's claim, and if such representation were by a different person, or in a different proceeding, those beneficiaries' benefits could be taxed with fees above and beyond those contemplated by the statute if the ruling sought by counsel for plaintiff were established as a precedent.

Accordingly, the motion is denied.